UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TRIUMPHANT GOLD LTD.,**

   Appellant,

v.                                                    No. 4:22-cv-0274-P

**DARREN SCOTT MATLOFF,**

   Appellee.

## OPINION AND ORDER

Before the Court is Plaintiff's Appeal of the Final Judgment of the United States Bankruptcy Court in Case No. 19-44253-MXM-7, dated March 24, 2022, pursuant to 28 U.S.C. § 158(a)(1). ECF Nos. 1, 4-1. For the reasons stated below, the Court **AFFIRMS** the decision of the Bankruptcy Court.

## BACKGROUND

This case arises from Appellee's default on several millions of dollars in loans to finance his company's delivery of consumer drones in time for the 2016 holiday season. ECF No. 4-1.

In 2016, Appellant and its negotiation team agreed to loan Appellee's company $10 million to finance the necessary production ramp-up to manufacture *Star Wars* and *Batman* themed consumer drones. *Id.* at 32. The loan agreement provided that Appellant could unilaterally increase the loan to $20 million at any time. *Id.* As a part of the transaction, Appellant required Appellee to personally guarantee repayment of the loan. *Id.* at 33.

Later that year, Appellees' company began "experiencing liquidity issues," at least in part because of Appellee's inability to produce and market the drones in time for the 2016 holiday season. *Id.* at 35. Because of Appellee's inability to ramp up production, the launch of the product lines was delayed until Fall 2017. *Id.* at 36. Estimates indicate that

Appellee's company missed approximately $18 million in lost profits in 2016 due to the delay. *Id.*

Because Appellee's products were not being sold, Appellee ceased being able to pay its manufacturers, which then began to withhold shipping the drones—negatively affecting the loan-to-value ratios Appellee was required to maintain pursuant to its 2016 loan agreement. *Id.*

Appellant and Appellee entered into an amended loan agreement in 2017, which was clarified by multiple side letter agreements in 2017 and 2018. *Id.* at 38–39. Terms of the amended agreement and side letter included the potential provision of additional financing, consulting services provided by Appellant and tighter cash controls required by Appellee. *Id.* at 38–46.

On December 28, 2017, the 2017 loan agreement's maturity date, Appellee's company informed Appellant that it "[would] not be paying interest and remaining principal today." *Id.* at 43. Appellee paid off the remaining principal and interest in 2018, and Appellant agreed to forbear from immediately declaring default. *Id.* In February 2018, Appellant's counsel sent a formal notice of default to Appellee's company. *Id.* at 45.

Appellant filed suit in April 2018 in the High Court of the Republic of Singapore, which awarded judgment in favor of Appellant in December 2018. *Id.* at 47. Appellee then instituted a failed arbitration proceeding in Singapore, alleging that the loan agreements were signed under duress. *Id.* at 48. In April 2019, Appellee and each of his companies filed for Bankruptcy. *Id.* at 52. United States Bankruptcy Judge Mark X. Mullin conducted a trial and published his Memorandum Opinion in March 2022. *Id.* at 17.

## STANDARD OF REVIEW

In reviewing the decision of a bankruptcy court, the District Court functions as an appellate court and applies the standard of review used in a federal court of appeals. *In re Webb*, 954 F.2d 1102 (5th Cir. 1992). Therefore, the District Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Dennis*, 330

F.3d 696, 701 (5th Cir. 2003). "Under a clear error standard, [the] court will reverse only if, on the entire evidence, [it] is left with the definite and firm conviction that a mistake has been made." *In re American Housing Foundation*, 785 F.3d 143, 152 (5th Cir. 2015) (quoting *Morrison v. W. Builders of Amarillo, Inc.*, 555 F.3d 473, 480 (5th Cir. 2009)). Using this framework in determining whether the Bankruptcy Court has clearly erred, "[the Court] must give 'due regard . . . to the opportunity of the [bankruptcy] court to judge the credibility of the witnesses.'" *In re Dennis*, 330 F.3d at 701 (quoting *Hibernia Nat'l Bank v. Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).

## ANALYSIS

Appellant certified four questions for review by the District Court:

1. Whether the Bankruptcy Court erred in determining that Appellee's debt was dischargeable under 11 U.S.C. § 523(a)(6) because the amounts due did not arise from a willful and malicious injury inflicted through Appellee's breach of contract;
2. Whether the Bankruptcy Court erred in determining that Appellee's debt owed through his personal guarantee of a loan made by Appellant was dischargeable under 11 U.S.C. § 523(a)(2)(A) because the guaranty was based on Appellee's alleged false representation of his intent to repay;
3. Whether the Bankruptcy Court erred in determining that Appellee should not be denied discharge under 11 U.S.C. §§ 727(a)(3) & 727(a)(7) because of his alleged failure to properly preserve financial records; and
4. Whether the Bankruptcy Court erred in determining that Appellee should not be denied discharge under 11 U.S.C.§§ 727(a)(2)(A) & (a)(7) when he allegedly transferred or permitted his companies to transfer property with the intent to hinder, delay, or defraud Appellant. ECF No. 15 at 2–3.

All four issues certified for review by the District Court are factual inquiries. Appellant makes no contention that Appellee was improperly awarded discharge because of a misinterpretation of the law, but only because the court applied the law to improperly drawn factual

3

conclusions. *See* ECF No. 15 at 22–23; *In re Dennis*, 330 F.3d at 701 ("[Appellant] does not argue that the bankruptcy court misunderstood or misapplied the governing bankruptcy law, but only that the court clearly erred in its factual findings."). Thus, this Court affords "due regard" for the Bankruptcy Judge's determinations of the credibility of evidence and witnesses presented at trial, and will only reverse when left with "definite and firm conviction that a mistake has been made." 785 F.3d at 152.

This Court is left with no such conviction. The Bankruptcy Court has provided an extensive and thorough opinion of approximately 140 pages in length detailing the evidence brought to support each of Appellant's claims. ECF No. 4-1. Systematically evaluating each of the witnesses and the evidence presented at trial, the Bankruptcy Court determined that—as to every count—Appellant's evidence was either not credible or insufficient to meet its burden. *Id.* Because the Bankruptcy Court conducted an extensive evaluation of the evidence presented at trial and did not draw unreasonable conclusions, this Court concludes that the Bankruptcy Court's judgment as to each of Appellant's claims was proper. *See Taylor-Travis v. Jackson State University*, 984 F.3d 1107, 1116 (5th Cir. 2021) ("Under clear error review, if the trial court's factual findings are 'plausible in light of the record viewed in its entirety, we must accept them, even though we might have weighed the evidence differently if [the appellate court] had been sitting as a trier of fact.'" (quoting *Anderson v. Sch. Bd. Of Madison Cty.*, 517 F.3d 292, 296 (5th Cir. 2008)).

## CONCLUSION

After review of the record, the opinion of the Bankruptcy Court, and the Parties' Briefs on appeal, this Court concludes there is no basis to form a "definite and firm conviction that a mistake has been made." 785 F.3d at 152. Because the Bankruptcy Court's findings are plausible in light of the record, its judgment is **AFFIRMED**.

Thus, the Final Judgment of the United States Bankruptcy Court in Case No. 19-44253-MXM-7, dated March 24, 2022 (ECF No. 4-1) is **AFFIRMED.**

4

**SO ORDERED** on this **1st day of June 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE