UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TRIUMPHANT GOLD, LTD.,**

   Appellant,

v.     No. 4:22-cv-0274-P

**DARREN SCOTT MATLOFF,**

   Appellee.

## OPINION AND ORDER

Before the Court is Plaintiff's Appeal of the Final Judgment of the United States Bankruptcy Court, on remand from the Fifth Circuit, in Case No. 19-44253-MXM-7, dated March 24, 2022, pursuant to 28 U.S.C. § 158(a)(1). ECF Nos. 1, 4-1.

## BACKGROUND

This case arises from Appellee's default on several millions of dollars in loans to finance his company's delivery of consumer drones in time for the 2016 holiday season. ECF No. 4-1. To keep things relevant for the purposes of this Order, the Court will refer its dear reader to its prior Opinion and Order, ECF No. 25, and the Fifth Circuit's Opinion and Order, *Triumphant Gold, Ltd. v. Matloff*, Case No. 23-10698, Doc. No. 61-1 (5th Cir. 2024), for summaries of this case's factual background.

After the Bankruptcy Court conducted a full trial, this Court affirmed on June 1, 2023. ECF Nos. 25; 26. Triumphant Gold appealed, and treating this case like a hot potato with leprosy, the Fifth Circuit vacated and remanded. *Triumphant Gold, Ltd.*, Case No. 23-10698, Doc. No. 61-1. In brief, the Fifth Circuit *vacated* because this Court should have applied a *de novo* standard of review, *id.* at 4, and remanded because they didn't want to do it.

## STANDARD OF REVIEW

In reviewing the decision of a bankruptcy court, the District Court functions as an appellate court and applies the standard of review used

in a federal court of appeals. *In re Webb*, 954 F.2d 1102 (5th Cir. 1992). Therefore, the District Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). "Under a clear error standard, [the] court will reverse only if, on the entire evidence, [it] is left with the definite and firm conviction that a mistake has been made." *In re American Housing Foundation*, 785 F.3d 143, 152 (5th Cir. 2015) (quoting *Morrison v. W. Builders of Amarillo, Inc.*, 555 F.3d 473, 480 (5th Cir. 2009)).

## ANALYSIS

For the reasons stated in the Bankruptcy Judge's Memorandum Opinion and this Court's prior Opinion and Order, the Court applies a clear error standard of review *only* to the Bankruptcy Judge's findings of fact and leaves its conclusions undisturbed.

As for the appeal's questions of law, the Court applies a *de novo* standard of review. "[T]he decision to discharge . . . debt represents a conclusion regarding the legal effect of the bankruptcy court's factual findings as to [the debtor's] circumstances." *U.S. Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003).

Having concluded—again—that the Bankruptcy Court's factual findings are sound, the Court now reviews them for whether their legal effect—supporting a discharge of Appellee's debts—was proper under 11 U.S.C. §§ 523 & 727.

After conducting a *de novo* review of the Bankruptcy Judge's Memorandum Opinion, the Parties' briefs, and the record in this case, the Court concludes that Appellees' discharge under § 523 was legally proper because the evidence at trial showed that amounts due did not arise from a "willful and malicious injury" inflicted through Appellee's alleged breach of contract, § 523(a)(6), and that the guaranty was *not* based on Appellee's alleged "false representation" of his intent to repay. § 523(a)(2)(A). Further, the Court concludes that Appellee's discharge under § 727 was legally proper because evidence at trial showed that Appellee did not purportedly fail to properly preserve financial records, § 727(a)(3) & (a)(7), and did not allegedly transfer or permit his

companies to transfer property with the intent to hinder, delay, or defraud Appellant. § 727(a)(2)(A) & (a)(7).

## CONCLUSION

For the reasons stated above, having conducted a *de novo* review of the Bankruptcy Court's findings and conclusions, its reasoning is **AFFIRMED.** Thus, the Final Judgment of the United States Bankruptcy Court in Case No. 19-44253-MXM-7, dated March 24, 2022 (ECF No. 4-1) is **AFFIRMED.**

**SO ORDERED** on this **11th day of April 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE